UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER McARTHUR,<br>    Plaintiff,<br><br>v.<br><br>MERCURY PRICE CUTTER,<br>    Defendant. | No. 3:21-cv-01007 (SRU) |

## ORDER OF DISMISSAL

Alexander McArthur, proceeding *pro se*, brought this action against Mercury Price Cutter ("MPC"), a gas station located in Connecticut. I granted McArthur's request to proceed *in forma pauperis*. Doc. Nos. 2, 6.

In his complaint, McArthur claims that MPC discriminated against him when a white store employee uttered to McArthur what he perceived to be a racial slur. *See* Compl., Doc. No. 1. For that alleged violation, McArthur sues under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). *Id.*

For the following reasons, McArthur's complaint is **dismissed with prejudice**.

### I.    BACKGROUND

McArthur filed his complaint in the instant action on July 22, 2021 against MPC. *Id.* On July 26, 2021, I issued an order granting McArthur's motion for leave to proceed *in forma pauperis*. Doc. No. 6. In light of that status, on August 2, 2021, the court mailed a notice to McArthur. *See* Notice, Doc. No. 8. That notice required McArthur to submit requested "USM 285" forms to this Court so that the Marshal's Service could serve McArthur's complaint on the the defendant. *Id.* McArthur did not do so, and thus none of McArthur's submissions to the Court have been served on MPC.

## II.     FAILURE TO PROSECUTE

### A.     Standard of Review

A district court may involuntarily dismiss an action under Rule 41(b) if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also* D. Conn. L. Civ. R. 41(a); *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (holding that the district court "has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute").

The Second Circuit has outlined several factors to be considered when determining whether to dismiss for failure to prosecute:

> (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999). "[N]o one factor is dispositive," and "a district court is not required to discuss each of the factors on the record." *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001) (citing *Shannon*, 186 F.3d at 194).

### B.     Discussion

The first factor, the duration of the delay, favors dismissal. Federal Rule of Civil Procedure 4(m) provides that a defendant must be served "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4(c). Moreover, a plaintiff is only relieved of his duty to serve the summons if the defendant actually waives service. *Weaver v. State of New*

2

*York*, 7 F. Supp. 2d 234, 236 (W.D.N.Y. 1998). It has been nearly two years since McArthur filed his complaint in this case. Yet, McArthur has never attempted to serve MPC.

The second factor, notice that noncompliance will result in dismissal, does not favor dismissal. I have not expressly warned McArthur that his failure to serve the defendant may lead to a dismissal of the instant case. Although the federal rules provide notice that failure to serve a defendant may result in dismissal, McArthur is a *pro se* plaintiff. *See* Fed. R. Civ. P. 4(m); *see Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (when a plaintiff proceeds *pro se*, the court should avoid the "harsh application of technical rules").

The third factor, whether the defendant is likely to be prejudiced by further delay, does not favor dismissal. In general, the Court may presume that delay prejudices the opposing party. *United States ex. rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). However, because the defendant has not yet been served, it presumably has not begun devoting resources to its defense. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) (concluding that the third factor only slightly favored dismissal where there were "no indications that the delay increased the litigation costs defendants had to bear or reduced (perhaps due to decaying evidence) their likelihood of success on the merits").

The fourth factor, balancing the court's interest in managing its docket with the plaintiff's right to due process, strongly favors dismissal. McArthur has filed more than three dozen cases before this Court. *See, e.g., McArthur v. Cargil*, Dkt. No. 3:20-cv-00967-SRU; *McArthur v. Fire Department*, Dkt. No. 3:20-cv-00974-SRU; *McArthur v. Yale New Haven Hospital et al*, 3:20-cv-00998-SRU; *McArthur v. Nur Market*, 3:20-cv-01000-SRU. Most of those cases have been dismissed—many on the basis that the claims set forth by McArthur were frivolous. *See, e.g., McArthur v. G-Mart*, Dkt. No. 3:21-cv-1024 (SRU) (arising out of an incident in which

McArthur scraped his arm on a nail on a business's door); *McArthur v. Wal-Mart*, Dkt. No. 3:20-cv-1004 (SRU) (asserting no factual allegations in support of five claims against the defendant); *McArthur v. New Haven Police Department*, Dkt. No. 3:22-cv-44 (SRU) (bringing claims under federal criminal statutes). Regarding the case at bar, McArthur has not participated in the matter in nearly two years. He therefore appears to have chosen not to exercise his rights. Accordingly, I conclude that balancing the interests in maintaining the Court's docket with McArthur's due process interests weighs in favor of dismissal.

The fifth factor, considerations of sanctions less drastic than dismissal, slightly favors dismissal. Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Given the amount of time that has passed without McArthur attempting to serve MPC, dismissal is an appropriate sanction.

Accordingly, the Second Circuit's factors, on balance, favor dismissal of the instant action. However, because McArthur has not been expressly warned by the court that his failure to serve the defendant may result in dismissal, dismissal with prejudice would be inappropriate. Nevertheless, dismissal with prejudice is appropriate because McArthur has failed to state claim.

### III.    FAILURE TO STATE A CLAIM

A. <u>Standard of Review</u>

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an action brought *in forma pauperis* if the Court determines that "the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds *pro se*, the court must construe the pleadings liberally and avoid the "harsh application of technical rules" that could lead to the "inadvertent forfeiture of important rights" merely because a litigant does not have the benefit of representation. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). "[W]hile *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, courts should look for such allegations by reading *pro se* complaints with special solicitude and interpreting them to raise the strongest claims that they suggest." *Shomo v. State of New York*, 374 F. App'x 180, 183 (2d Cir. 2010) (cleaned up).

B.  Discussion

McArthur alleges that the store clerk's conduct violated Title VII. But Title VII is inapposite because McArthur has not alleged that he has an employment relationship with the defendant. In fact, McArthur's pleadings indicate that he was only a patron of MPC. Accordingly, he has failed to state a cognizable Title VII claim. *See, e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973) ("The language of Title VII makes plain the purpose of Congress to assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens."). Repleading would be futile because McArthur does have an employee-employer relationship with the MPC, *see* doc. no. 2, at 3, and therefore he cannot assert a Title VII claim against it. Therefore, McArthur's complaint is **dismissed with prejudice**.

IV.  CONCLUSION

For the foregoing reasons, I conclude that McArthur has failed to prosecute this case by failing to serve the defendants. Additionally, McArthur has wholly failed to state a claim.

Accordingly, this matter is **dismissed with prejudice** because repleading would be futile. The Clerk is directed to close this case.

    So ordered.

Dated at Bridgeport, Connecticut, this 11th day of July 2023.

                                                                   <u>/s/ STEFAN R. UNDERHILL</u>
                                                                   Stefan R. Underhill
                                                                   United States District Judge